UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| KENNETH MOBLEY, | ) |
| Petitioner, | ) Civil Action No. 5: 20-489-WOB |
| v. | ) |
| DIRECTOR LISA FARMER, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kenneth Mobley is an inmate at the Fayette County Detention Center (FCDC) in Lexington, Kentucky. Proceeding without a lawyer, Mobley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], as well as a corresponding motion for a preliminary injunction [R. 3]. In Mobley's submissions, he suggests that, in light of his own health condition and the ongoing COVID-19 pandemic, his continued incarceration at the Fayette County Detention Center amounts to a constitutional violation. Thus, Mobley asks the Court to order the Respondent to release him from custody.

The Court conducted the initial screening required by 28 U.S.C. § 2243 and concluded that Mobley's petition and corresponding motion for injunctive relief warranted a prompt review and response from the Respondent. [R. 6]. Therefore, the Court ordered the Respondent to file a collective response to Mobley's submissions within just 10 days. [*See id.*]. The Court then permitted Mobley to file a reply brief and directed the Respondent to file a sur-reply with additional supporting evidence. [*See id.*; *see also* R. 13]. The parties filed those submissions [*See* Rs. 9, 14, 15, 16, 18, 19], which the Court has fully reviewed. Thus, Mobley's petition is ripe for a decision.

The United States Court of Appeals for the Sixth Circuit has explained that conditions-of-confinement claims such as Mobley's are assessed under the "deliberate indifference" framework, which has two parts: one objective and one subjective. *See Cameron v. Bouchard*, 815 F. App'x 978, 984 (6th Cir. 2020). To satisfy the objective component, the inmate must show that he is incarcerated under conditions that pose a substantial risk of serious harm. *See id.* To satisfy the subjective component, the inmate must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that [she] did in fact draw the inference, and then disregarded that risk." *Id.* (quotation marks and citations omitted). While there may be some question about the precise mens rea required in this case, since it involves a pretrial detainee rather than a convicted prisoner, the Sixth Circuit has explained that inmate must at least show that the Respondent acted more than simply "unreasonably" or "negligently." *Id.* at 985.

Given this yardstick, Mobley has not demonstrated that he is entitled to habeas relief. Even assuming, without deciding, that Mobley has satisfied the objective component of a deliberate indifference claim, he has not demonstrated that the Respondent acted with the culpable mental state required to satisfy the subjective prong. After all, the evidence in the record demonstrates that FCDC officials have taken and continue to take numerous steps to prevent the spread of COVID-19. These steps include but are not limited to the following: taking inmates' temperatures and having them complete a questionnaire; distributing masks and directing their use; utilizing normal and special cleaning teams throughout the facility; quarantining new inmates; distributing extra soap; stopping all visitation, except for attorneys under specific circumstances; cancelling certain group activities; isolating symptomatic staff members; and setting up so-called "negative air flow" cells designated for airborne pathogen diseases. [*See* R. 18-1 at 1-2]. These are just some of the many steps taken by FCDC officials in response to the pandemic. [*See id.*

(listing the numerous procedures in place throughout the FCDC, as well as in its intake area)]. And those steps are very similar to the steps taken by prison officials in other cases where federal courts, including the Sixth Circuit and this Court, rejected § 2241 conditions-of-confinement claims related to COVID-19. *See Cameron*, 815 F. App'x at 985-86; *Wilson v. Williams*, 961 F.3d 829, 840-41 (6th Cir. 2020); *Blackburn v. Noble, et al.*, No. 3:20-cv-00046-GFVT, at R. 34 at 12-13 (E.D. Ky. Aug. 17, 2020).

Moreover, the record reflects that FCDC officials took several actions in response to Mobley's own medical condition. Indeed, officials gave Mobley a PCR test for COVID-19 back in November of 2020, and, after he tested positive, medical professionals checked his vitals, including but not limited to his blood pressure, temperature, and pulse oxygen. [*See* R. 18-3 at 3]. It also appears that the medical team administered an electrocardiogram (EKG), listened to Mobley's lungs, and ordered him Tylenol and a nebulizer treatment. [*See id.*]. The medical team then followed up with Mobley on multiple occasions and continued to monitor his vital signs and administer medications. [*See id.* at 6-10]. At one point, FCDC officials even transported Mobley to the University of Kentucky Hospital, where he was treated before being returned to the detention center. [*See id.* at 10-20]. FCDC officials then continued to provide Mobley with even more medical care. [*See id.* at 21-22]. This extensive medical care given to Mobley further undercuts his claim that the Respondent acted with the culpable mental state required to warrant habeas relief.

In short, given the steps that FCDC officials have taken and continue to take to prevent the spread of COVID-19, as well as the medical care that Mobley himself received, the Court finds that he has simply failed to satisfy the subjective prong of his deliberate indifference claim. Thus, the Court will dismiss his habeas petition and deny his corresponding motion for injunctive relief as moot.

Accordingly, it is **ORDERED** that:

1. Mobley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED**.

2. Mobley's corresponding motion for injunctive relief [R. 3] is **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 7th day of January, 2021.

Signed By:
William O. Bertelsman
United States District Judge